IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

| | |
|---|---|
| LISA BIRON,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL MEDICAL CENTER ("FMC") CARSWELL WARDEN JODY UPTON; FMC CARSWELL PSYCHOLOGIST LETICIA A. ARMSTRONG; FMC CARSWELL PSYCHOLOGIST E. DIXON,<br><br>    Defendants. | Civil Action No. 4:19-CV-322 |

## NOTICE OF REMOVAL

Please take notice that defendants Jody Upton, Leticia Armstrong, and Emily Dixon—respectively, the warden of and two staff psychologists at Federal Medical Center, Carswell (FMC Carswell), a federal prison operated by the Federal Bureau of Prisons—hereby remove the action pending as Cause No. 141-30580-19 in the 141st District Court in and for Tarrant County, Texas, to the Fort Worth Division of the United States District Court for the Northern District of Texas, and as support would respectfully show as follows:

1.      Cause No. 141-30580-19 was commenced upon plaintiff Lisa Biron's filing of a "Civil Complaint for Damages and Injunctive and Declaratory Relief" in the 141st[1]

---

[1] The complaint as submitted by Biron to the Tarrant County District Clerk for initiation of an action refers to the "48th District," but was assigned to the 141st District Court, presumably in accordance with

**Notice of Removal – Page 1**

District Court in and for Tarrant County, Texas, on January 31, 2019.  In the complaint, Biron relates that while she was incarcerated at FMC Carswell, Dixon and Armstrong confiscated a "manuscript" in which Biron had recorded her "Biblical study and research on the Christian view of morality regarding sexual conduct," and Upton thereafter "failed to intervene to protect" Biron's rights with respect to the manuscript.  As background, Biron was previously convicted of various federal sex offenses in the District of New Hampshire.  *See United States v. Biron*, No. 16-CV-108-PB, 2017 WL 4402394 (D.N.H. Oct. 2, 2017).  As detailed by the New Hampshire federal court in its order denying Biron's 28 U.S.C. § 2255 motion, the victim of Biron's crimes was Biron's then-14 year old daughter.  *See id.* at *1.  Biron had arranged for her daughter to enter into a sexual relationship with an adult man over the internet, and transported her daughter to a hotel in Canada so that both Biron and the daughter could have sex with the man (including in encounters that were filmed by Biron "at Biron's insistence").  *Id.* at *2–3.  Biron also arranged through an advertisement placed on Craigslist for a different man to have sex with the daughter on multiple occasions (including in a filmed encounter on a couch in front of Biron).  *Id.* at *2.  Finally, Biron filmed herself performing oral sex on her own daughter.  *Id.* at *2–3.  Biron's manuscript was confiscated because it contained sexual material and discussed sexual matters involving Biron's daughter, and possession of such material was determined to be in violation of Biron's sex offender management plan.  In

---

the Tarrant County local rules' provision for random assignment of cases.  *See* Tarrant Co. General Local R. 1.03(a).

**Notice of Removal – Page 2**

her complaint, Biron contends that this was in violation of her rights and seeks damages and injunctive relief.

2.  This action is removable pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the removal of any "civil action . . . commenced in a State court" against "[t]he United States or any agency thereof or any officer (or person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office."  This removal provision applies in this case because the defendants are the warden and two staff psychologists employed by the Federal Bureau of Prisons, a component of the executive branch of the United States located within the Department of Justice and under the Attorney General.

3.  The purpose of the section 1442(a)(1) removal provision is to protect the lawful activities of the federal government from undue state interference.  *See Willingham v. Morgan*, 395 U.S. 402, 405–06 (1969).  Unlike the general removal statute, which must be "strictly construed in favor of remand," *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), "[t]he Supreme Court has stated that § 1442(a)(1) is to be construed broadly and 'should not be frustrated by a narrow, grudging interpretation,'" *Humphries v. Elliot Co.*, 760 F.3d 414, 417 (5th Cir. 2014) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).  A case may be removed even if a federal question arises as a defense rather than as a claim apparent from the face of the plaintiff's well-pleaded complaint.  *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999).

4. Here, removal is proper under section 1442(a)(1) because Biron's complaint relates to acts taken by the defendants under color of their federal offices and establishes a causal connection between the defendants' performance of their official duties as federal officers and Biron's claims. In addition, the defendants can and will be asserting at least one "colorable federal defense" to the claims against them. *See Mesa v. California*, 489 U.S. 121, 136 (1989). These include, but are not limited to, the following:

- Armstrong and Dixon assert the defense of qualified immunity to claims against them in a personal capacity for damages.

- Biron's purported claims under *Bivens v. Six Unknown Federal Agents of Bureau of Narcotics*, 403 U.S. 388 (1971), are nonactionable because Biron's claims represent a new *Bivens* context and special factors counsel against judicial creation of a new damages remedy in the circumstances of Biron's claims. *See Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).

- A federal statute, the Prison Litigation Reform Act, bars, in whole or in part, Biron's claims for damages. *See* 42 U.S.C. § 1997e(e).

- Sovereign immunity bars Biron's claims against the defendants in an official capacity, because such claims are considered to be claims against the government itself, and the government has not waived immunity for Biron's official-capacity claims and jurisdiction for such claims is absent.

\* \* \* \*

This case is subject to removal pursuant to 28 U.S.C. § 1442(a)(1), and a removal is hereby timely effected.[2] The defendants reserves all defenses and will answer or otherwise respond to the complaint in due course. *See* Fed. R. Civ. P. 81(c)(2).

---

[2] An attorney with the Federal Bureau of Prisons accepted service of a copy of the state-court citation and complaint for each of Upton, Armstrong, and Dixon on March 28, 2019.

**Notice of Removal – Page 4**

Respectfully submitted,

ERIN NEALY COX
United States Attorney

<u>/s/ Brian W. Stoltz</u>
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8626
Facsimile:   214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Defendants

**Notice of Removal – Page 5**