

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LISA BIRON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-322-A |
| | § | |
| FEDERAL MEDICAL CENTER ("FMC") | § | |
| CARSWELL WARDEN JODY UPTON, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

ORDER SETTING SCHEDULE
AND PROVIDING SPECIAL PRETRIAL INSTRUCTIONS

The court finds that the following order should be entered. In addition to fixing a schedule, this order provides important, special pretrial instructions that the parties must bear in mind as the trial date approaches.

The court ORDERS that:

1. Except as modified herein or by subsequent order, the deadlines set by the Federal Rules of Civil Procedure and the Local Civil Rules of this court are applicable.

2. Any motion for leave to join another party to this action or to designate a responsible third party must be filed by June 24, 2019. Any motion for summary judgment must (a) be filed at least one hundred twenty (120) days prior to the scheduled trial date, (b) be filed separately, and (c) not include any

other motion. A motion for continuance pursuant to Fed. R. Civ. P. 56(d) must be filed separately and not included in a summary judgment response or any other document.

3. Any motion for leave to amend pleadings must be filed by July 26, 2019.

4. All discovery must be initiated in time to allow completion of discovery by September 27, 2019. After that date, no discovery may be conducted and no discovery motion, other than a motion under Fed. R. Civ. P. 37(d), may be filed without an order extending the discovery deadline upon a showing of good cause.

5. Any motion, other than the motions described in paragraphs 2-4 above and motions *in limine*, shall be filed at least thirty (30) days prior to the scheduled trial date.

6. This case is set for a non-jury trial the week of October 28, 2019, with docket call at 9:00 a.m. on that date.

7. No later than Monday one week prior to the scheduled trial date each party shall file with the Clerk (i) a witness list, (ii) an exhibit list, (iii) an agreed summary, accompanied by appropriate page and line references, of portions of each deposition, other than portions to be offered by video, to be offered at trial, and (iv), if set for non-jury trial, proposed

findings of fact and conclusions of law, or, if set for jury trial, a proposed jury charge and verdict form.

8. The parties shall not file depositions or exhibits prior to trial, but shall have the originals and one copy thereof available immediately prior to trial. Each exhibit that will be offered at trial shall bear the case number of this action in addition to the exhibit number and identity of offering party.

9. The witness list contemplated by paragraph 7 above will be accompanied, when it is filed, by a statement as to each witness of each subject matter upon which the witness will be asked to testify. The witness list will include two columns, one bearing the heading "Sworn" and the other bearing the heading "Testified" so that the court can keep track of the witnesses at trial.

10. The exhibit list contemplated by paragraph 7 above shall be accompanied, when it is filed, by a statement signed by counsel for each party, other than the party who will be offering the exhibit, stating as to each exhibit shown on the list either that the parties agree to the admissibility of the exhibit or the nature and legal basis of any objection that will be made to the admissibility of the exhibit and the identity of the party or parties who will be urging the objection. All parties are required to cooperate in causing such statements to be prepared

3

in a timely manner for filing with the exhibit lists. The party proposing to offer an exhibit shall be responsible for coordinating activities related to preparation of such a statement as to the exhibit he proposes to offer. No exhibit will be offered at the trial of this case unless such a statement has been timely filed as to the exhibit. The exhibit list will include two columns, one bearing the heading "Offered" and the other bearing the heading "Admitted."

11. No party will adopt any motion or pleading filed by any other party; and, the court will not entertain a motion to adopt. No party is permitted to adopt as, or in, the party's witness list or exhibit list all or any part of the witness list or exhibit list of another party.

12. All deposition testimony to be offered at trial shall be offered in summary, rather than question and answer, form. The offering party shall be responsible to obtain agreement of counsel[1] for all other parties to the accuracy of the proposed summary. Agreement of counsel as to proposed summaries shall be reached before the agreed summaries are filed, as required by paragraph 7 above.

---

[1] The term "counsel" as used herein includes pro se parties. For example, the term "plaintiff's counsel" means the plaintiff himself or herself if proceeding pro se.

4

13. If there is a possibility that a party will use at trial any video or audio recording, other than a videotaped deposition, or any transcript of such a recording, such party shall notify the court of that fact no later than October 7, 2019, by the filing of a document advising of such possible use and describing each such item the party might use at trial.

14. Not more than fifteen minutes of videotaped deposition testimony will be offered by any party from any deposition. Counsel shall reach agreement in advance of trial as to any objections related to testimony to be offered by videotape or, if agreement cannot be reached, shall present the disagreement to the court for resolution at least two weeks prior to the scheduled trial date. If less than an entire videotaped deposition is offered, it will be offered by means of an appropriately edited tape to which all parties have agreed.

15. At least 120 days before the trial date, each party shall designate experts, and comply with the requirements of Fed. R. Civ. P. 26(a)(2), (1) by filing in this action a written designation giving the name, address, telephone number, and subject matter of the proposed expert testimony of each expert who may be called to testify, and (2) by serving on the opposing parties the disclosures and reports required by Rule 26(a)(2).

16. This case is not exempt from the requirements for scheduling orders, pretrial orders or any other orders of the court.

17. The court reminds the parties that a response and brief to an opposed motion must be filed within twenty-one (21) days from the date the motion is filed, Local Civil Rule LR 7.1(e), and that a reply brief may be filed within fourteen (14) days from the date the response is filed, Local Civil Rule LR 7.1(f). Each motion shall be deemed to be ripe for ruling by the court at the end of such time period. If the court concludes that the motion should be granted, the court normally will not await a reply before ruling. As a general rule, motions will be ruled upon without hearing; however, hearings will be scheduled as appropriate.

18. All parties and attorneys in this action are reminded of the provisions of Fed. R. Civ. P. 11 and Local Civil Rules LR 7.1, LR 10.1, LR 83.7, LR 83.9, and LR 83.10. The rules do not contemplate that law firms are, or will be, admitted or authorized to practice before this court. Instead, the representation is to be provided by individual attorneys who qualify to practice before this court under the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10. Nor do the rules contemplate that simulated signatures of attorneys of

6

record can be used, instead of actual signatures, on pleadings, motions, etc.

The court ORDERS that from this point forward all parties to this action, and their counsel, shall strictly comply with the requirements of the above-mentioned rules, and that, in the course of doing so:

(a) Each attorney who participates in a conference contemplated by Local Civil Rule LR 7.1 shall be an attorney of record who is admitted to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(b) Each certificate of service and certificate of conference shall be signed by either a pro se party or an attorney of record who is admitted or authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(c) A simulated signature of an attorney or party is unacceptable and will not be used;

(d) None of the items filed with the papers in this action is to be signed by a law firm, as opposed to individual attorneys who are admitted or authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

7

(e) None of the items filed with the papers in this action is to be signed by an attorney who is not authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10; and

(f) Each pro se party shall sign each item filed by him or her on his or her own behalf.

The court will consider ordering the denial of the relief sought by any item that has not been properly prepared, signed or filed or the ordering that such an item be stricken from the record of this case.

The court further ORDERS that: Each evidentiary item, including any exhibits, filed in connection with any pleading or other paper, shall be clearly marked by the exhibit number or letter, or other designation if any, assigned to the item. All such items shall be filed as attachments, or in a separate volume, bearing consecutive page numbers and appropriate index tabs so that the court can readily locate each item. Each collection of evidentiary items shall have at the front a table of contents giving the description of each item in the collection and the tab and page number where the item can be found. Evidentiary items shall not be put together in such a fashion as to make them unwieldy. An item or collection of items of more than fifty pages shall be spiral-bound on the side. Counsel

shall highlight, as appropriate, those portions of the items that are of particular pertinence. Submission to the court of any collection of cases or other legal authorities will be handled in a manner comparable to the foregoing directions relative to evidentiary items.

Further, counsel are reminded that the federal rules contemplate <u>only</u> that statements in <u>pleadings</u> may be adopted by reference. Fed. R. Civ. P. 10(c). Attempted incorporation by reference of any other material may not be considered by the court.

Strict compliance with the terms of this order is required. Should any party or counsel fail to cooperate in doing anything required by this order to be done, such party or counsel or both will be subject to sanctions, including dismissal or entry of default without further notice. <u>See</u> Fed. R. Civ. P. 16(f).

SIGNED April 22, 2019.

JOHN McBRYDE
United States District Judge

9