IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LISA BIRON, §
　§
　　Plaintiff, §
　§
VS. § NO. 4:19-CV-322-A
　§
FEDERAL MEDICAL CENTER ("FMC") §
CARSWELL WARDEN JODY UPTON, §
ET AL., §
　§
　　Defendants. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Federal Medical Center ("FMC") Carswell Warden Jody Upton ("Warden"), FMC Carswell Psychologist Leticia A. Armstrong ("Armstrong"), and FMC Carswell Psychologist E. Dixon ("Dixon"), to dismiss plaintiff's first amended complaint. The court, having considered the motion, the response of plaintiff, Lisa Biron, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Background

On January 31, 2019, plaintiff filed a "Civil Complaint for Damages and Injunctive and Declaratory Relief" in the District Court of Tarrant County, Texas. 141st Judicial District. Doc.[1] 1

---

[1] The "Doc. ___" reference is to the number of the item on the docket in this action.

at PageID[2] 12. On April 22, 2019, defendants filed their notice of removal, bringing the action before this court pursuant to 28 U.S.C. § 1442(a)(1). Doc. 1. Defendants filed a motion to dismiss. Doc. 11. In response, plaintiff filed her first verified complaint. Doc. 15.

In her amended complaint, plaintiff alleges:

Plaintiff was convicted of sex offenses. Doc. 15 ¶ 8. Plaintiff was directed by God to research, pray about, study the Bible concerning God's view of morality involving sex and sexual conduct, and to record these findings in writing for use in her rehabilitation and to help educate others. Id. ¶ 13. On or about September 25, 2015, Dixon conducted a search of plaintiff's locker and removed 144 pages of her manuscript draft and notes. Id. ¶ 16. The removal caused plaintiff extreme emotional distress, resulting in panic attacks and an upset stomach. Id. ¶ 18. On or about September 30, 2015, plaintiff sent an email to Warden asking for help, but he refused to intervene. Id. ¶ 23. On or about October 15, 2015, Armstrong, who then had plaintiff's writing, told plaintiff that the writing would not be returned to her because it was sexually explicit and constituted "hard contraband." Id. ¶ 19. The taking of plaintiff's writing served

---

[2]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the pages of the document are not consecutively numbered.

solely as forced treatment to alter her behavior. Id. ¶ 24. On May 2, 2017, plaintiff received the final denial of her administrative remedy regarding the writing. Id. ¶ 27.

Plaintiff says that she brings claims under the Fifth Amendment's Due Process and Equal Protection Clauses, the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb to 2000bb-4 ("RFRA"), the Administrative Procedures Act ("APA"), the First Amendment's Free Exercise, Freedom of Expression, and Establishment Clauses, and for declaratory judgment and injunctive relief. Doc. 15 at ¶ 2. She sues Warden in his official capacity and Alexander and Dixon in their official and individual capacities. Id. ¶¶ 6-7.

II.

Grounds of the Motion

Defendants maintain that the personal capacity claims must be dismissed because plaintiff cannot show that a Bivens[3] remedy is available; nor can she show that a claim for money damages is authorized by RFRA or any other source of law. Further, even if such claims were possible, defendants are entitled to qualified immunity, and the challenge to sex offender treatment is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

---

[3]Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Defendants maintain that the official capacity claims must be dismissed under the doctrine of derivative jurisdiction, since the state court did not have jurisdiction over those claims. In addition, no jurisdiction exists for any claim relating to sex offender treatment since plaintiff is no longer housed at FMC Carswell. Doc. 17 at 1-2.

III.

Applicable Legal Standards

A.  Fed. R. Civ. P. 12(b)(1)

Dismissal of a case is proper under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks the statutory or constitutional power to adjudicate the case. Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. Spector v. L Q Motor Inns, Inc., 517 F.2d 278, 281 (5th Cir. 1975). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. Id. Because of the limited nature of federal court jurisdiction, there is a

presumption against its existence. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. McNutt, 298 U.S. at 189; Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

B.   Fed. R. Civ. P. 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal,

556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

C. Qualified Immunity

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear

that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. Hunter v. Bryant, 502 U.S. 224, 228 (1991); Anderson, 483 U.S. at 639-40. In Harlow, the court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. Elder v. Holloway, 510 U.S. 510, 512 (1994). If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. Mullenix v. Luna, 136 S. Ct. 305, 308 (2015); Malley v. Briggs, 475 U.S. 335, 341 (1986); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." Malley, 475 U.S. at 341.

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. Siegert, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. Connelly v. Comptroller, 876 F.2d 1209, 1212 (5th Cir. 1989). A mistake in judgment does not cause an officer to lose his qualified immunity defense. In Hunter, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Malley, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued. . . .

502 U.S. at 229. Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his entitlement to qualified immunity. Young v. City of Killeen, 775 F.2d 1349, 1352-53 (5th Cir. 1985).

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. Kovacic v. Villarreal, 628 F.3d 209, 211 (5th Cir. 2010); Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. White v. Pauly, 137 S. Ct. 548, 551 (2017). That is, the clearly established law upon which plaintiff relies should not be defined at a high level of generality, but must be particularized to the facts of the case. Id. at 552. Thus, the failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. Id.; Surratt v McClarin, 851 F.3d 389, 392 (5th Cir. 2017).

IV.

Analysis

As the Supreme Court has explained, a Bivens claim may only be asserted in three limited sets of circumstances. They are: for a Fourth Amendment violation by federal agents in conducting a warrantless search and seizure in a home; for a Fifth Amendment equal protection claim based on gender discrimination by a congressman against an employee; and, for an Eighth Amendment

claim for deliberate indifference to serious medical needs. Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017). The three cases recognizing those claims, Bivens itself, Davis v. Passman, 442 U.S. 228 (1979), and Carlson v. Green, 446 U.S. 14 (1980), are "the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." Abbasi, 137 S. Ct. at 1855. The Court has "consistently refused to extend Bivens to any new context or new category of defendants." Id. at 1857 (quoting Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 68 (2001)). Here, none of the factors set forth in Abassi would support the recognition of a new Bivens claim in favor of plaintiff. See Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012)(Supreme Court has never held that Bivens extends to First Amendment claims).

Plaintiff does not dispute that the APA does not provide relief against the individual defendants.

RFRA allows for "appropriate relief against a government." 42 U.S.C. § 2000bb-1(c). It does not appear that the Fifth circuit has determined whether RFRA provides a private right of action against federal employees acting in their personal capacities. At least one district court has held that it does not, Bloch v. Samuels, No. H-04-4861, 2006 WL 2239016, at *7 (S.D. Tex. Aug. 3, 2006), and this court is inclined to agree.

The court need not decide, however, as it is clear that Dixon and Alexander are entitled to qualified immunity.

Plaintiff has not pointed out any case showing that defendants' confiscation of her manuscript violated a clearly established constitutional or statutory right of which reasonable officials would have known. Her failure to cite any case where an official acting under similar circumstances was held to have violated a plaintiff's rights is fatal.

As defendants note, a further bar to plaintiff's claims regarding sex offender treatment, to the extent she asserts any, is Heck v. Humphrey, 512 U.S. 477 (1994). See Pearson v. Holder, No. 3:09-CV-682-O, 2011 WL 13185719, at *4-6 (N.D. Tex. Apr. 29, 2011).

Plaintiff's official capacity claims are claims against the government itself, Kentucky v. Graham, 473 U.S. 159, 165-66 (1985), over which the state court had no jurisdiction absent a specific waiver of sovereign immunity. See Lane v. Pena, 518 U.S. 187, 192 (1996). Because the state court lacked jurisdiction over these claims, this court could not acquire it upon removal. Lopez v. Sentrillon Corp., 749 F.3d 347, 350-51 (5th Cir. 2014). This is the doctrine of derivative jurisdiction. Id. at 350 ("when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's

jurisdiction"). Here, defendants argue that because the court does not have derivative jurisdiction over the official capacity claims, plaintiff simply cannot re-assert those claims through her amended complaint to establish jurisdiction. Doc. 17 at 24-25; Doc. 23 at 9-10. See Francis v. ENI Exploration Program 1980-II, No. 84-0005-CV, 1984 WL 817, at *2 (W.D. Mo. May 25, 1984)(citing Pavlov v. Parsons, 574 F. Supp. 393, 396-97 (S.D. Tex. 1983)). Again, the court need not decide. Plaintiff is no longer incarcerated at FMC Carswell and it appears that the declaratory or injunctive relief she seeks is moot. See Tamfu v. Ashcroft, 54 F. App'x 408, 2002 WL 31689212 (5th Cir. 2002); Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000).

V.

Order

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that plaintiff's claims be, and are hereby, dismissed.

SIGNED July 23, 2019.

_____
JOHN McBRYDE
United States District Judge