**FILED**
**February 22, 2023**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
December 14, 2022
Lyle W. Cayce
Clerk

No. 19-10862

Lisa A. Biron,

   *Plaintiff—Appellant*,

*versus*

Jody Upton, Warden; Leticia A. Armstrong; Emily Dixon,

   *Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-322

Before Stewart, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

  Plaintiff-Appellant Lisa Biron, a federal inmate proceeding pro se, appeals the dismissal of her complaint seeking monetary damages and injunctive relief arising from prison psychologists' confiscation of a lengthy manuscript she had written. Finding no reversible error, we AFFIRM.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 19-10862

I.

Biron was convicted by a New Hampshire federal jury of eight counts involving the sexual exploitation of her minor daughter. *Biron v. United States*, No. 16-CV-108-PB, 2017 WL 4402394, at *1 (D.N.H. Oct. 2, 2017). She was sentenced to 480 months' imprisonment.

Biron is currently housed at Waseca Federal Correctional Institution in Minnesota, but she previously received mental health and sex offender treatment at Carswell Federal Medical Center (FMC Carswell) in Fort Worth, Texas. The judgment entered in Biron's criminal case recommended that she "participate in a sex offender treatment program while incarcerated." Biron, a former attorney, filed a pro se civil complaint in Texas state court against federal officials based on actions arising out of her treatment at FMC Carswell. She sued the following FMC Carswell personnel: Jody Upton, warden; Leticia A. Armstrong, psychologist; and Emily Dixon, psychologist. Her claims against Armstrong and Dixon are based on their confiscation of a 144-page manuscript Biron was writing to record her conclusions on Christian morality of sexual conduct. In Biron's complaint filed in state court, she alleged that she "was directed by God to research, pray about, study the Bible concerning God's view of morality involving sex and sexual conduct, and to record these findings in writing for use in her rehabilitation and to help educate others." Her claim against Upton asserted that he failed to intervene to order the manuscript's return. Biron alleged violations of her rights under the First Amendment, the Religious Freedom Restoration Act (RFRA), the Fifth Amendment, and Texas law.

The defendants removed the case to federal court, and there moved to dismiss for lack of jurisdiction and failure to state a claim. In response, Biron filed an amended complaint seeking money damages for violations of

2

her rights under the Fifth Amendment's Due Process Clause; RFRA; the Administrative Procedures Act (APA); and the First Amendment's Free Exercise, Freedom of Expression, and Establishment Clauses. She further seeks injunctive relief ordering the return of her manuscript and cessation of her psychological treatment. Biron sues Upton in his official capacity and Armstrong and Dixon in their official and individual capacities. The defendants renewed their motion to dismiss, and full briefing on the motion followed.

The district court granted the motion in a twelve-page memorandum opinion, concluding that Biron's transfer mooted most of her claims, Biron's individual claims are barred by qualified immunity and a lack of a cause of action under *Bivens*, and that sovereign immunity bars Biron's official-capacity claims. Biron timely appealed. Construed broadly, she challenges the dismissal of her First Amendment claims under rule 12(b)(6) and of her official-capacity claims for want of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 over this appeal from a final judgment dismissing all of Biron's claims in this removed case.

II.

We review the district court's dismissal under rules 12(b)(1) and 12(b)(6) de novo. *Childers v. Iglesias*, 848 F.3d 412, 413 (5th Cir. 2017) (rule 12(b)(6)); *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005) (rule 12(b)(1)). We take all well-pled factual allegations as true and view them in the light most favorable to Biron. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

III.

We first address Biron's individual-capacity claims. The district court held that the defendants are entitled to qualified immunity against Biron's RFRA claim. We have never squarely held that qualified immunity is

No. 19-10862

available as a defense for federal officials against RFRA claims,[1] and the district court undertook no analysis to determine the doctrine's applicability here. *Cf. Stramaski v. Lawley*, No. 20-20607, 2022 WL 3274132, at *6 (5th Cir. Aug. 11, 2022) ("Our starting point is a conviction that substantial analysis is necessary before deciding if qualified immunity ever applies to the [Fair Labor Standards Act]."). But Biron does not contend that qualified immunity is unavailable against her RFRA claims, and thus she has forfeited any such argument. We therefore consider whether Biron has alleged a violation of any clearly established Free Exercise right.

Biron has identified no authority holding that a prison official's mistaken designation of an inmate's personal writings as contraband violates the Constitution or any federal law. Assuming that Biron's manuscript was not sexually explicit, Biron cites no cases in which the Fifth Circuit or the Supreme Court have held that prison psychologists' removal of a sex offender's writings about "sexual conduct," erroneously found to be sexually explicit, violates the Constitution. That failure alone forecloses her arguments against the applicability of qualified immunity. *E.g.*, *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (noting that a "plaintiff has the burden to negate the assertion of qualified immunity").

---

[1] During the pendency of this appeal, the Supreme Court held that damages claims are permissible under RFRA against federal officials sued in their individual capacities. *See Tanzin v. Tanvir*, 141 S. Ct. 486, 489 (2020). But the Court did not squarely address whether the doctrine applies to RFRA claims against federal officials; instead, both the Government and the plaintiffs in that case "agree[d] that government officials are entitled to assert a qualified immunity defense when sued in their individual capacities for money damages under RFRA." *Id.* at 493 n.* Though we have not resolved this question, we did apply the qualified immunity analysis to a RFRA claim against state officials before RFRA was limited to apply only to federal officials. *See Ganther v. Ingle*, 75 F.3d 207, 211 (5th Cir. 1996).

No. 19-10862

Moreover, even if qualified immunity is unavailable here, Biron also has not established any constitutional violation. First, Biron has made no showing that the confiscation of her manuscript poses a "substantial[] burden" on her religious exercise. 42 U.S.C. § 2000bb–1(a), (b). And although prisoners retain many First Amendment rights, a prison regulation violates the First Amendment only if it is not "reasonably related to legitimate penological interests." *Butts v. Martin*, 877 F.3d 571, 584 (5th Cir. 2017). Biron has not shown that even a mistaken designation of her manuscript as sexually explicit violates this tenet. Preserving order and security are compelling penological interests, *see Warner v. Wright*, 434 F. App'x 333, 336 (5th Cir. 2011), prison officials may impose reasonable restrictions on the type and amount of property that inmates are allowed to possess, *see Sullivan v. Ford*, 609 F.2d 197, 198 (5th Cir. 1980), and sexually explicit material may constitute contraband in the prison context, *see Thompson v. Patteson*, 985 F.2d 202, 205–06 (5th Cir. 1993).

Accordingly, we need not address the district court's conclusions regarding Biron's official-capacity claims. If the defendants violated no law or constitutional provision in their individual capacities, they cannot be liable in their official capacities. *Cf. Whitley v. Hanna*, 726 F.3d 631, 639 (5th Cir. 2013) ("To the extent Whitley asserts claims against Appellees in their official capacities, we find such claims also fail for lack of an underlying constitutional violation.").

The judgment below is AFFIRMED.

No. 19-10862

Jennifer Walker Elrod, *Circuit Judge*, concurring in part[*] and dissenting in part:

In my view, the majority opinion goes further than it should by holding that "the defendants violated no law or Constitutional provision." *Ante* at 5. Because I think such a conclusion is premature at this stage, I would reverse in part and remand for further proceedings.

When reviewing dismissal under rule 12(b)(6), "[w]e accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff." *BG Gulf Coast LNG v. Sabine-Neches Navigation Dist.*, 49 F.4th 420, 425 (5th Cir. 2022) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In the operative complaint, Biron alleged that:

- "[D]espite Ms. Biron's refusal to submit to treatment by Emily Dixon, Defendant Dixon conducted a targeted search of Ms. Biron's locker and removed all 144 pages of this manuscript draft and notes written by Ms. Biron . . . ";

- "Defendant Armstrong advised Ms. Biron that her writing would not be returned to her and was permanently confiscated because it was 'sexually explicit'";

---

[*] I agree with the majority opinion that the individual-capacity damages claims were properly dismissed because the officials are entitled to qualified immunity and Ms. Biron has not identified any violation of clearly established law. *Ante* at 4. And to the extent that qualified immunity may be inapplicable to her RFRA claims, she has forfeited any such arguments by failing to brief them. *Id.* The district court also properly dismissed most of Biron's official-capacity injunction claims because she is no longer staying at the Texas facility (FBOP Carswell). Biron argues that these claims are not moot because she may still be subject to the same policy in the Minnesota facility. But even if Biron's assertion is valid, she failed to name the correct defendants because none of the current defendants are associated with the Minnesota facility. Thus, I would dismiss these claims without prejudice.

6

- "It is Ms. Biron's sincerely held religious belief that she was directed by God to research, pray about, and study the Bible concerning God's view of morality involving sex and sexual conduct, and to record these findings in writing . . . ";

- "Defendants' actions in confiscating Ms. Biron's writing as 'hard contraband' served solely as forced treatment to alter her behavior";

- Her sincerely held religious belief "is diametrically opposed to the philosophical underpinnings of the secular humanistic discipline of psychology."

If these allegations are true, Biron at least has one valid claim for relief that should not be dismissed: her request to have her writings returned. This claim is not moot because there is no indication that the writings have left the defendants' possession. Biron stated in her brief that the "defendants still have [her writing]," and the defendants never denied this allegation. Rather, the defendants argued that they "no longer have custody or authority over Biron and thus are in no position to return any items to her possession." But if the defendants still have possession of the writings, I see no reason why they cannot deliver the writings to Biron. Presumably, Biron would still be able to receive mail in her new correctional facility.

Furthermore, viewed in the light most favorable to Biron, these allegations—which we must accept as true at this stage—could raise a factual issue as to whether the confiscation of her manuscript poses a "substantial burden" on her religious exercise under RFRA. 42 U.S.C. § 2000bb-1. Consequently, I think more factual development is necessary before we can conclude that "the defendants violated no law or Constitutional provision." *Ante* at 5.

No. 19-10862

\* \* \*

Contrary to the district court's holding, Biron's request to have her writings returned to her is not moot because the defendants still have possession of her writings. And viewed in the light most favorable to Biron, her allegations, if true, could establish that the confiscation of her manuscript poses a "substantial burden" on her religious exercise. 42 U.S.C. § 2000bb-1. Accordingly, I would reverse in part and remand the district court's dismissal of Biron's injunctive relief claim to have her writings returned.